IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )        No.  08-10072-07-WEB
                                    )
THANH NGUYEN  a/k/a "Zach,"         )
                                    )
                    Defendant.      )
_____     )


**Memorandum and Order**

This matter came before the court on February 15, 2008, for a hearing on the defendant's Motion to Revoke Detention Order (Doc. 92).  After hearing the arguments of counsel, the court orally denied the motion and ordered that the defendant be detained pending trial.  This written memorandum will supplement the court's oral ruling.

I. *Background.*

The defendant Thanh Nguyen is charged in 17 counts of a 94-count Indictment.  (Doc. 1). He is one of twenty individuals charged in Count 1 with a conspiracy to distribute controlled substances.  The other charges against him include one count of possession with intent to distribute MDMA ("Ecstacy"), and 15 counts of using a telephone to facilitate the distribution of Ecstacy.  Following a hearing on January 30, 2008, Magistrate Judge Bostwick ordered the defendant's detention pending trial, finding that his release would pose a danger to the community and that he was a flight risk.

Defendant filed a Motion to Revoke the Order of Detention, in which he argued, among other things, that he has never been a gang member; that his only criminal history (other than

traffic matters) occurred as a juvenile in 2002; that he has been attending Cowley County

Community College; that he has spent the majority of his life in Wichita and lives with his

mother, sister, and a girlfriend; that he is charged with fewer counts than other defendants in the

case and that several of the phone counts against him occurred within a short period of time.

Defendant contends that such measures as electronic monitoring, drug and alcohol monitoring,

and pretrial supervision would be adequate to insure that he is not a flight risk or a danger to the

community.  At the hearing, defendant added certain other arguments, including the fact that the

defendant's phone business, which was discussed at the initial hearing which may have been the

scene of some of the conduct charged in the Indictment, was now shut down.  Defendant also

submitted letters to the court showing that he had likely employment prospects if he were to be

released.

Prior to the February 15, 2008 hearing, the court reviewed the following materials: the

Indictment; the Magistrate's Order of Detention; the Probation Office Pretrial Services Report;

and the electronic audio recording of the detention hearing before the Magistrate.

II.  *Standards*.

The district court's review of the magistrate's order of detention is *de novo*, meaning this

court must make its own determination and must ultimately decide the issue of detention or

conditions for release without deference to the magistrate's conclusion.  *United States v.*

*Cisneros*, 328 F.3d 610, 616, n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial

officer finds "that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community." 18

U.S.C. § 3142.   The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence.  *Cisneros*, 328 F.3d at 616.  In a case such as this, where the Indictment alleges an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, a rebuttable presumption of detention arises. § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,  the court must consider:  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

III.  *Findings*.

– Due to the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

– The charges are serious in this case, and they include a large conspiracy to possess and

3

distribute controlled substances.

– The weight of the evidence against the defendant appears strong, and the Government represents that it has wiretap evidence in which this defendant was recorded talking about drug distribution.  The Government has further proffered that its surveillance showed evidence of the defendant's involvement in such distribution.

– The defendant has some employment history with his own phone business, but the Government has proffered that its surveillance showed various individuals delivering pills to this business.  The business is now closed.  The defendant has shown that he likely could obtain other employment.

– The defendant appears to have strong family support, but the Government represents in its proffer that when the defendant was arrested, a loaded hangun was found on his dresser and he was in possession (or constructive possession) of ecstacy and marijuana, as well as $1,700 in cash.  The defendant contends this cash was received in the course of his phone business, but even if that is true, the presence of the drugs and a loaded firearm suggest that the defendant's release would pose a danger to the community.

– The defendant's criminal history includes two adjudications at age 17, including one for possession of drugs and one involving attempted burglary.  The defendant violated the terms of his release in those cases, apparently by leaving the jurisdiction, and his release was revoked.

– The Government's proffer supports its allegation that the defendant has a history of membership in the Viet Boyz gang.

After considering all of the circumstances, including those listed above, the court the court concludes that there are no conditions or combination of conditions that will reasonably

4

assure the appearance of the defendant as required and the safety of the community if he is released.  Accordingly, the court orders that the defendant be detained pending trial in this case.

IV.  *Conclusion.*

The defendant's Motion to Revoke Detention Order (Doc. 92) is DENIED.  The Order of Detention previously entered in this case remains in effect.  The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this __19th___ Day of February, 2008, at Wichita, Ks.

s/Wesley E. Brown_____
Wesley E. Brown
U.S. Senior District Judge