IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  08-10002-07-WEB |
| | ) |
| THANH NGUYEN   a/k/a "Zach," | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Memorandum and Order**

This matter came before the court on June 18, 2008 for a hearing on defendant's second Motion for Reconsideration of Detention Order.  The court heard arguments from counsel at the June 18th hearing and orally denied the motion.  This written memorandum will supplement the court's oral ruling.

The background and circumstances are set forth in the court's order dated February 19, 2008 (Doc. 127), and will not be repeated here.  The defendant's current motion argues the same grounds previously argued, as well as noting that the trial date has now been set for November 4, 2008 due to the complexity of the case, and asserting that numerous "telephone counts" (21 U.S.C. § 843(b)) against the defendant are multiplicitous or otherwise not as serious as the Indictment might suggest.  Doc. 181.  The Government opposes the motion, arguing the material circumstances have not changed since the previous order and that detention is still warranted.

As the court noted at the hearing, due to the nature of the charges there is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.  The factors to be considered in making the determination are set forth in 18 U.S.C. § 3142.  Largely for the same

reasons expressed by the court in its previous order, the court finds the defendant's motion should

be denied.  Among other circumstances, the charges here are serious in nature; the Government

has made a proffer showing the defendant's likely membership in a gang; the defendant was found

in possession of ecstacy and marijuana and a loaded firearm at the time of his arrest; and the

defendant's prior history includes a failure to comply with conditions of bond.

After considering all of the circumstances, the court again concludes there are no

conditions or combination of conditions that will reasonably assure the appearance of the

defendant as required and the safety of the community if he is released.  Accordingly, the court

orders that the defendant be detained pending trial in this case.

*Conclusion*.

The defendant's Motion to Revoke Detention Order (Doc. 181) is DENIED.  The Order of

Detention previously entered in this case remains in effect.  The defendant is hereby committed to

the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for

private consultation with defense counsel. On order of a court of the United States or on request of

an attorney for the Government, the person in charge of the corrections facility shall deliver the

defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding.

IT IS SO ORDERED this  23rd   Day of June , 2008, at Wichita, Ks.


s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

2