IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-10002-7-WEB |
| | ) | 09-1402 |
| THANH NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is the defendant' Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 454). The defendant argues his sentence should be vacated as his sentence was in violation of the law, the court was without jurisdiction to impose a consecutive sentence, he did not waive jurisdiction in his plea agreement, and his counsel was ineffective. The defendant has made only conclusory allegations regarding the allegations.

The court is not required to consider unsupported, conclusory allegations. The defendant must allege sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The defendant has not provided the court with a factual basis or legal argument relating to his claims. Although the defendant is proceeding pro se, the court will not attempt to construct legal arguments or theories for the defendant. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

For the above stated reasons, the defendant is granted 60 days from the date of this order to supplement his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 454) with factual and legal support. Failure to supplement the motion with factual and legal support will result in the court denying the motion.

IT IS SO ORDERED this 22nd day of December, 2009.

    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge