IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-10002-07-WEB |
| | ) | 09-1402 |
| THANH NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is the Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 454).

I. Background

The Defendant was charged in 19 counts of a 96 count Superseding Indictment. He entered into a plea agreement with the Government, in which he entered a guilty plea to Counts 75 and 76, charging Unlawful Use of a Communication Device, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. The probation office completed a presentence report. Based on the Defendant's criminal history and offense level, the Defendant's guideline range for imprisonment would have been 135 - 168 months. However, the statutory maximum sentence for the two crimes of conviction was 48 months on each count. The Defendant filed numerous objections to the presentence report. The Defendant objected to the calculation of the number of MDMA pills, and objected to the two level increase for the possession of the firearm. The Defendant filed a sentencing memorandum in which he argued the court should consider the factors under 18 U.S.C. § 3553 and find that mitigating circumstances and the need to avoid unwarranted sentence disparities should result in a lower sentence. The court prepared a

1

sentencing order after sentencing.  The court sustained the Defendant's first objection, and denied the second and third objections.  The court considered the factors set forth in section 3553, and determined that a sentence of 96 months was a sufficient but not greater than necessary sentence.

The Defendant filed a direct appeal.  The Defendant appealed the two level enhancement for possession of a firearm in furtherance of drug trafficking.  The Tenth Circuit granted the Government's motion to enforce the appeal waiver and dismissed the appeal.  Defendant then filed this motion pursuant to 28 U.S.C. § 2255.

II.  Defendant's Motion

The Defendant argues that his counsel was ineffective in that he did not adequately prepare for the plea preparations in preserving the jurisdictional authority of the court to sentence petitioner to additional time not quantified in the Plea Agreement.  He argues that any enhancements to which he did not plea guilty, or put to a jury, should be subtracted from his sentence.  He also argues that his sentences on the two counts of conviction should not run consecutive.

The Government responded and argues that the waiver of appeal should be enforced and the Defendant's motion should be denied.

III.  Discussion

The court must first determine if the Defendant's plea agreement and waiver prevents the court from reviewing the Defendant's claims. Paragraph 10 of the Defendant's Plea Agreement contained the following language:

> Waiver of Appeal and Collateral Attack.  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in

connection with this prosecution, the defendant's conviction, or the components
of the sentence to be imposed herein (including the length and conditions of
supervised release, as well as any sentence imposed upon a revocation of
supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a
defendant the right to appeal the conviction and sentence imposed. By entering
into this agreement, the defendant knowingly waives any right to appal a sentence
imposed which is within the guideline range determined appropriate by the court.
The defendant also waives any right to challenge a sentence or otherwise attempt
to modify or change his sentence or manner in which it was determined in any
collateral attack, including, but not limited to, a motion brought under Title 28,
U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179,
1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and
a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the
defendant waives the right to appeal the sentence imposed in this case except to
the extent, if any, the court departs upwards from the applicable sentencing
guideline range determined by the court. However, if the Untied States exercises
its right to appeal the sentence imposed as authorized by Title 18, U.S.C. §
3742(b), the defendant is released from this waiver and may appeal the sentence
received as authorized by Title 18, U.S.C. § 3742(a).

"A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Exceptions include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." Id. at 1182-83.

The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellant rights in the plea agreement. The Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004).

3

a. Scope.

The Court will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights. Hahn at 1325 (quoting United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003)). Defendant's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion except to the extent that the court departs upwards from the applicable sentencing guideline range determined by the Court. The court did not depart upward; the instant motion is therefore within the scope of the waiver.

b. Knowing and Voluntariness of Petitioner's Waiver.

The defendant must enter his plea knowingly and voluntarily for the waiver to be accepted. The court first examines whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Hahn, 359 F.3d at 1325, citing United States v. Elliott, 264 F.3d 1171, 1174 (10th Cir. 2001). Second, the Court must have conducted an adequate Rule 11 plea colloquy. Hahn at 1325, citing Andis, 333 F.3d at 891. The petitioner bears the burden to show that he did not knowingly and voluntarily enter into the plea agreement. Hahn, 359 F.3d at 1329; United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003).

The record clearly shows the Defendant entered into the plea agreement fully aware of the rights he was waiving, the consequences of the plea, and the possible sentence. The court questioned him at the change of plea hearing to determine if he understood the charge against him, the arguments he was waiving, and if he was entering his plea freely and voluntarily. The Defendant's responses, given to the court under oath, show that he understood all of the these

things.  During the plea colloquy the court specifically asked him whether he understood that by pleading guilty he was waiving all of the arguments he previously made in pretrial motions, or that he could have made, and cautioned him that he would not be able to raise these arguments at a later time to challenge his conviction.  The Defendant represented to the court under oath that he understood.  His motion contains nothing to suggest that he did not in fact understand what he was giving up by pleading guilty.

The defendant's plea agreement stated that he knowingly and voluntarily waives his rights to appeal or collaterally attack any matter in connection with the prosecution, conviction, and sentence.  The fact that the agreement included this waiver was reviewed with him at the Rule 11 hearing.  The language of the agreement states "the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion."  The last sentence of the plea agreement states "The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily."  The Tenth Circuit addressed the Defendant's waiver and found that Nguyen signed the plea agreement before entering into the plea colloquy and he knowingly and voluntarily waived his right to appeal from his conviction and his sentence.  U.S. v. Nguyen, 343 Fed.Appx. 385 (10th Cir. 2009).

This court also finds that the defendant read and signed the petition to plea guilty, read and signed the plea agreement, and discussed with the court the effects of the plea agreement.  The defendant's plea was knowing and voluntary, and the waiver is therefore knowing and voluntary.

c. Miscarriage of Justice

Enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of four situations. Appellate waivers are subject to certain exceptions; (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. Hahn, 359 F.3d at 1327. To satisfy the fourth factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id.

The Defendant does not argue that any of the four exceptions apply. He does not argue that his waiver is invalid due to ineffective assistance of counsel in the negotiation of the waiver. Instead, he argues his counsel was ineffective when he did not reserve jurisdictional arguments relating to his consecutive sentences. It is important to note that the plea agreement contained the following language: "Government's Agreements. In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees: The parties agree that the two counts will be run consecutively to each other and both parties will present argument concerning relevant conduct." The Defendant agreed to consecutive sentences in his plea agreement.

The Defendant has not shown the court that his counsel was ineffective in the negotiation of the waiver. To the extend that the Defendant argues that the court was without jurisdiction and therefore the waiver is unlawful, the Defendant's argument fails. The defendant tries to argue that the conflict between 18 U.S.C. § 3584 and U.S.S.G. § 5G1.2 deprives the court of jurisdiction. The Tenth Circuit has examined the conflict between section 3584 and U.S.S.G. §

6

5G1.2 in U.S. v. Bly, 142 Fed.Appx. 339 (2005). In Bly, the Court found that "the language of the statutory text, guideline text and guideline commentary to which we have referred clearly indicates compatibility between 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.2(d)." Id. at 344-45. The Defendant has not presented any evidence to show that any of the four situations discussed in Hahn apply. The issues the Defendant raises are barred by the waiver in his plea agreement. The Defendant has waived the right to collaterally attack his sentence.

IV.  Conclusion

IT IS SO ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 454) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 16th day of April, 2010, at Wichita Kansas.

   s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge