IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-10002-07-WEB |
| | ) | |
| THANH NGUYEN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is a writ of error audita querela pursuant to 28 U.S.C. § 1651 (Doc. 465). For the reasons stated below, the Defendant's writ is denied.

I. History

A review of the history of the case shows the Defendant was charged in a Superseding Indictment with numerous counts related to possessing and distributing drugs. The Defendant entered into a plea agreement with the Government in which he plead guilty to Counts 75 and 76 of the Superseding Indictment, Unlawful Use of a Communication Device, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. The parties agreed the Sentencing Guidelines would be applied by the court to calculate the applicable sentence, and requested the court impose a sentence consistent with the Guidelines. The Government set forth in the Agreement that they would recommend a sentence at the high end of the applicable guideline range, which was a maximum of four years for each count, and the parties agreed the two counts were to run consecutive to each other. The Defendant waived his right to appeal, and the right to collaterally attack his sentence. After a contested sentencing hearing, this court sentenced the Defendant to 48 months on each count, to be served consecutively, and one year supervised release on each

1

count, to be served concurrently.

The Defendant filed a direct appeal with the Tenth Circuit, in which he argued the two level enhancement for possession of a firearm in furtherance of drug trafficking was incorrectly applied. The Tenth Circuit granted the Government's motion to dismiss the appeal, and did not reach the merits of the Defendant's argument. The Defendant then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, in which he argued his counsel was ineffective in that he did not adequately prepare for the plea preparations in preserving the jurisdiction authority of the court to sentence petitioner to additional time not quantified in the Plea Agreement. He also argued that any enhancements to which he did not plea guilty, or which were not put to a jury, should be subtracted from his sentence. He also argued that his sentence on the two counts of conviction should not run consecutive. This court found that the arguments raised in the Section 2255 motion were barred by the waiver in his plea agreement, and that the Defendant had not shown that his attorney was ineffective. The Defendant's motion was denied. The Defendant did not appeal the denial of his habeas motion.

II. Defendant's Writ of Error Audita Querela

The Defendant raises a number of arguments in his writ. First, the Defendant argues that there are new defenses and infirmities which arose after the imposition of judgment. Specifically, the Defendant argues the Supreme Court's ruling in Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005);and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

(consolidated with Booker), represent newly created rights which entitle him to review by Writ of Error. The Defendant argues that this court applied the Guidelines as mandatory and not advisory, and that the court erroneously believed that there was no discretion to make a downward departure from the Guideline sentence. Second, the Defendant argues that his Writ is not a successive 2255 motion, and requests the court not consider it as such. Thirdly, the Defendant makes preliminary arguments that the court is allowed to modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c). Fourth, the Defendant makes preliminary arguments that Rule 32 of the Federal Rules of Criminal Procedure apply to this case. Finally, the Defendant argues that this court was without jurisdiction to impose consecutive sentences as the crimes of conviction were grouped.

III. Discussion

The All Writs Act provides that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The writ of audita querela was invented to "afford relief in behalf of one against whom execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof." Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153 (10th Cir. 1946). The Tenth Circuit questioned whether audita querela may be used to vacate a final conviction, but has not decided the issue. United States v. Torres, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002).

A writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. § 2255. Id. at 1246. The fact that a petitioner is precluded

3

from filing a second section 2255 petition does not establish that the remedy in 2255 is inadequate. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). The remedy of a section 2255 motion is the exclusive remedy for a defendant unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964).

The court will not reclassify the Defendant's writ as a successive motion to vacate as the Defendant specifically stated that his pleading was not pursuant to section 2255. Therefore, the court will review the motion as a writ.

The Defendant argues that a number of Supreme Court cases create new rights which entitle him to review. The Defendant relies on Jones, Apprendi, Blakely, and Booker. The Defendant's argument is fatally flawed, as all these cases were decided prior to his conviction and his sentence. Audita querela is used to challenge a judgment that was correct at the time it was rendered, but which is rendered infirm by matters which arise after imposition. Torres, 282 F.3d at 1245. Since the cases relied upon by the Defendant were decided before the Defendant's conviction and sentence, the Defendant is precluded from arguing the cases provide a basis for his writ.

To the extent the Defendant argues the court applied the Guidelines as mandatory, the record does not support his argument. The Defendant agreed to consecutive sentences in his plea agreement. The court accepted the plea agreement, and followed it at the time of sentencing. Further, the court stated at the time of sentencing that the advisory guideline range was considered, as were the factors set forth in 18 U.S.C. § 3553(a). The Defendant has not shown that the court applied the Guidelines as mandatory. Finally, the record does not show that at any

4

point the court stated there was no discretion to make a downward departure from the Guidelines.  However, the Defendant agreed in his plea agreement that he would not request a downward departure from the applicable sentencing guideline range.  The court would also note that the defendant had an opportunity to argue in his direct appeal, as well as his motion pursuant to section 2255, that the Guidelines were applied as mandatory, and that the court erred in finding that there was no discretion to depart.  The Defendant did not do so.  The arguments are not new, and cannot be used to challenge his sentence pursuant to a writ of error audita querela.

The Defendant makes rudimentary arguments regarding 18 U.S.C. 3582 and Rule 32 as grounds for relief.  Congress has set forth limited circumstances in which the court may modify a term of imprisonment.  18 U.S.C. § 3582 allows the court to modify a sentence upon motion of the Director of the Bureau of Prisons, as permitted by statute or by Rule 35, or when the term of imprisonment had been lowered by the Sentencing commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c).  The Defendant has not shown that he qualifies for a modification of his sentence under the statute.  Furthermore, the Defendant has not shown that a modification pursuant to § 3582 is properly raised in a writ of error audita querela.

The Defendant argues that the presentence report contains erroneous information and pursuant to Fed.R.Crim.P. 32, he is allowed to appeal his sentence as he was sentenced under inaccurate information.  The Defendant has not shown what information in the presentence report was inaccurate.  More importantly, the Defendant has not shown that this issue is correctly raised in this writ for the first time.  The Defendant had an opportunity to raise this issue on direct appeal and in his prior motion for habeas relief.

Finally, the Defendant argues that court was without jurisdiction to impose the two

consecutive sentences as the counts were grouped in the presentence report. The Defendant runs into the same roadblock here as he did in his previous arguments. The Defendant has not shown why the alleged errors in the presentence report and in the sentence imposed by the judge were not raised in the direct appeal or in the petition for habeas relief. The alleged errors could have been discovered previously, and pled in his prior motions.

IV. Conclusion

IT IS THEREFORE ORDERED, for the reasons stated above, the Defendant's Writ of Error Audita Querela Pursuant to 28 U.S.C. § 1651 (Doc. 465) is DENIED.

The clerk of the court is directed to enter judgment accordingly.

IT IS SO ORDERED this 18th day of June, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Judge