# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
         v.                          )            Case No. 08-10002-07-WEB
                                     )
THANH NGUYEN,                        )
                                     )
                    Defendant.       )
_____)

## MEMORANDUM AND ORDER

This matter is before the court pursuant to the Mandate issued by the Tenth Circuit. The Tenth Circuit ruled that this court was without jurisdiction to address the Defendant's petition for a writ of audita querela, since the Defendant's claims could have been brought in a 28 U.S.C. § 2255 petition. As such, the Defendant's petition should have been filed under the rules and law of habeas proceedings. Since the Defendant had previously filed a section 2255 petition, the Defendant was required to seek authorization from the Tenth Circuit before proceeding in the District Court with a second or successive habeas petition. 28 U.S.C. §§ 2244(b)(30; 2255(h). Therefore, this court vacates its order dated June 21, 2010, denying the Defendant's Writ of Error Audita Querela Pursuant to 28 U.S.C. § 1651, (Doc. 466).

When a second or successive § 2255 petition is filed in district court without the authorization of the Tenth Circuit, the district court may transfer the matter to the Tenth Circuit if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the petition for a lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. §§ 2255(h), 2244. A transfer is in the interest of justice when the claims raised in the successive petition is based on a new rule of constitutional law or newly discovered evidence. 28 U.S.C. § 2255(h). The claims the petitioner raised in the petition for a writ of audita querela

do not meet the requirements of 28 U.S.C. § 2255(h).  The Defendant's motion is dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that the Defendant's petition for a writ of audita querela (Doc. 465) be dismissed.

IT IS SO ORDERED this 8th day of December, 2010.


  s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge